Usnick et ux., Appellants, *v.* Pittsburgh Terminal Coal Corp.

Argued October 6, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*Henry Ellenbogen,* with him *John E. Laughlin,* for appellants.

*Sidney J. Watts,* of *Baker & Watts,* with him *Karl E. Weise,* for appellee.

PER CURIAM, November 23, 1931:

John Usnick and Mary, his wife, instituted this action in trespass against the Pittsburgh Terminal Coal Corporation to recover damages alleged to have been done personal property of the husband and for personal injuries sustained by the wife. Defendant operated a coal mine in Bethel Township, Allegheny County, and in connection therewith owned a number of dwelling houses for use of its employees. John Usnick, an employee as a coal miner of defendant, rented and with his family occupied house No. 106. Previous to his employment, he executed a written lease for the premises named, dated September 1, 1922, which provided that the premises mentioned were leased to Usnick, for one month from the date of the lease and for such time in addition as Usnick shall continue in the employ of defendant, "it being agreed and understood by said John Usnick that the premises hereby leased are used and occupied by and are necessary for the use and occupancy of employees of the said corporation"; the monthly rental being fixed at $13, payable in two equal semi-monthly instalments. Lessee further covenanted that, within five days after termination of his employment with defendant or within five days after notice from defendant that his services were no longer required, he would yield up and deliver quiet

and peaceable possession to defendant, and, in default of so doing, authorized defendant or any agent or constable to enter the premises and remove lessee's goods and effects therefrom and restore possession to defendant. It was further stipulated that in case possession be not surrendered within five days after termination of lessee's employment, any attorney may confess an amicable judgment in ejectment for recovery of the property.

John Usnick resided with his family in the leased premises in the spring of 1927, at which time the miners in defendant's employ, including Usnick, went out on a strike. On April 20, 1927, an amicable judgment in ejectment was entered against Usnick for possession of house No. 106, on which judgment a hab. fa. was issued. A rule was taken to show cause why both the judgment and the hab. fa. should not be stricken from the record. Nothing further has been done in either application. July 1, 1927, defendant's employees visited the leased premises and removed a portion of the roof of house No. 106. Following a conference between attorneys for the parties, defendant desisted from further action and plaintiffs, with their family, remained in house No. 106 until December 22, 1927, when they removed therefrom. April 2, 1929, plaintiffs' brought this action and at the close of plaintiffs' testimony, the court entered a judgment of compulsory nonsuit, which the court in banc subsequently refused to take off, and in its opinion, among other things, set forth as follows:

"The plaintiffs offered in evidence at the trial the record of the action of ejectment, at No. 495 July Term, 1927. Thus it is that the plaintiffs had no right upon the leased premises, house No. 106, on July 1, 1927. The reason was that he had contracted with the Pittsburgh Terminal Coal Corporation that this lease would terminate 'five days after he ceased' to be employed by the defendant, and that he had long prior thereto left

the employment of the defendant. In addition thereto, he had confessed judgment in ejectment upon the lease, which conclusively determined that he had no title to the premises, house No. 106, nor any right or possession thereof. He was nothing more than a trespasser upon those premises. He had no right to be there at all. Kellam v. Janson, 17 Pa. 469; Leidy v. Proctor, 97 Pa. 486.

"There is no averment in the pleadings that the defendant 'wantonly' injured the plaintiffs in person or property. What it did was entirely consistent with its attempt to repossess its own property, by using such peaceable means as it had the right to do, and to which a mere trespasser had no right to object. The testimony showed that a foot came through the ceiling and knocked some plastering down, but whose foot it was was not shown by the evidence. And there was no evidence to show any ill will of the defendant toward the plaintiffs; certainly there was none to indicate any trespass vi et armis.

"The plaintiffs made a great deal out of the fact that the hab. fa. had been 'stayed in the meantime' but that operated only upon the right of execution. It did not operate upon the judgment. The latter remained a conclusive adjudication of the rights of the parties to the lease, until it was reversed; and it has never been reversed.

"In consequence, the defendant had the right to use any lawful means to repossess the premises. It did no more than it was authorized to do in the covenants of the lease."

The judgment of the lower court is affirmed.